Dear Mr. Mitchell:
Please be advised that your opinion request has been received by our office. You have specifically requested an opinion as to the definition of "light duty".
The Louisiana State Legislature has not set forth any definition for the term "light duty" as of the present date. However, jurisprudence has determined that "light duty" has a number of different meanings, all which appear to be fact sensitive.
Generally, "light duty" refers to temporary or permanent work that is physically or mentally less demanding than normal job duties. Often an employer may refer to any position that is sedentary or is less physically or mentally demanding as "light duty".
It is therefore the opinion of this office that because the State Legislature has remained silent on this issue, and because the courts have interpreted this term in numerous ways, "light duty" is a term that can only be interpreted in relation to specific facts. Nevertheless, we see no reason why the police jury should refrain from adopting a policy on this matter. This policy may want to recognize that "light duty" is often determined by an employee's treating physician and is generally performance of lighter duties than normal.
I hope this opinion sufficiently answers your inquiry. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL ____________________ VIRGINIA L. COREIL Assistant Attorney General
RPI/VLC/crt
DATE RELEASED: January 23, 2003